# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**VICTOR CRUZ,**

    **Plaintiff,**

**v.**                                   **Case No. 8:09-cv-1030-T-30MAP**

**LOWE'S HOME CENTERS, INC.,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand and Memorandum of Law in Support Thereof (Dkt. 5) and Defendant's Response with Memorandum of Law to Plaintiff's Motion for Remand and Amended Notice of Removal (Dkt. 6). The Court, having reviewed the motion, response, and being otherwise advised in the premises, finds that Plaintiff's Motion to Remand and Memorandum of Law in Support Thereof (Dkt. 5) should be denied.

## BACKGROUND

This action was initially filed in state court on January 16, 2009 (the "State Court Action"). The complaint alleged that Plaintiff fell and injured himself after using a defective ladder provided by Defendant. In the State Court Action, the parties conducted written discovery, Plaintiff produced documents to Defendant, the parties entered into a

confidentiality order, and attended a case management conference. Defendant also filed an answer to the complaint in the State Court Action.

On May 28, 2009, the court in the State Court Action entered its uniform order setting the case for trial during the week of October 5, 2009. On June 3, 2009, Defendant filed a Notice of Removal, and removed the State Court Action to this Court. (Dkt. 1). On June 26, 2009, Plaintiff filed a Motion to Remand. (Dkt. 5). Plaintiff argues that remand is appropriate because Defendant's active participation in the State Court Action constitutes a waiver of its right to remove the case to this Court. Plaintiff also argues that Defendant's removal was untimely because documents produced to the Defendant more than thirty days prior to the Notice of Removal indicated that the amount in controversy exceeded the jurisdictional amount.

On July 6, 2009, Defendant filed its Response in opposition to Plaintiff's Motion to Remand. (Dkt. 6). Defendant argues that Plaintiff's Motion to Remand must be denied because Defendant did not waive its right to remove the case. Defendant contends that a party waives its right of removal only if it actively participates in the state court litigation after it is apparent that the case is removable. Defendant also argues that the removal cannot be untimely, because Plaintiff's Motion to Remand establishes the amount in controversy requirement and serves as an amendment to any defect in Defendant's Notice of Removal.

As set forth in more detail below, the Court finds that Plaintiff's Motion to Remand, which states that the amount in controversy exceeds the jurisdictional requirement, cures any

defect in Defendant's Notice of Removal. The Court also finds that Defendant did not waive its right to remove the State Court Action.

## **DISCUSSION**

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law. See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002); Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also University of Southern Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Perez, 139 F.3d at 1373. In order for a federal court to have jurisdiction over a case pursuant to the diversity statute, the amount in controversy must exceed $75,000, exclusive of costs and interest, and complete diversity of citizenship must exist. See 28 U.S.C. § 1332.

After removal, a plaintiff may move to remand the action to state court pursuant to 28 U.S.C. § 1447(c). A motion to remand based on a removal defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice of removal. 28 U.S.C. § 144(c). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.

The Eleventh Circuit Court of Appeals has recently clarified "how a district court must proceed in evaluating its jurisdiction after removal." Lowery v. Alabama Power Co., 483 F.3d 1184, 1187 (11th Cir. 2007).[1]  In Lowery, the court held that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Id. at 1208 (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds*; Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000)).  The court then went on to explain that, under 28 U.S.C. § 1446(b), removal may be premised on either the plaintiff's initial pleading, such as a complaint, or "a copy of an amended pleading, motion, order or other paper." Id. at 1212-13.  If, however, removal is based on a document other than the plaintiff's initial pleading, this document must have been supplied by the plaintiff. Id. at 1215, n. 63.  The court then concluded that "in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff--be it the initial complaint or a later received paper--and determines whether that document and the notice of removal [the removing documents] unambiguously establish federal jurisdiction." Id. at 1213.  The court cautioned that if the jurisdictional amount is not clear and unambiguous from the face of, or readily deducible from, the removing documents, then "the court must remand." Id. at 1211.

---

[1] Although Lowery was decided in a Class Action Fairness Act ("CAFA") case, its holding is not limited to that context.

Therefore, under the approach adopted in Lowery, jurisdiction "is either evident from the removing documents or remand is appropriate." Id. The defendant and the court may not speculate about the amount in controversy, nor should the district court's jurisdiction be "divined by looking to the stars." Id. at 1215. Importantly, the court noted an exception to the general rule that the removing documents must establish the jurisdictional amount. Specifically, the court noted:

> Additionally, in some limited circumstances, a defendant may effectively amend a defective notice of removal upon receipt of additional evidence that supplements the earlier-filed notice. For example, such a situation might arise where, after filing an insufficient notice of removal but before remand is ordered, the defendant receives a paper from the plaintiff that would itself provide sufficient grounds for removal. See Cohn v. Petsmart, Inc., 281 F.3d 837, 839-40 n. 1 (9th Cir.2002) (holding that the defendant effectively amended its insufficient notice of removal by later alleging, in its opposition to remand, that the plaintiff had offered settlement for an amount greater than the jurisdictional minimum) (citing Willingham v. Morgan, 395 U.S. 402, 407 n. 3, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969)).

Id. at 1215, n. 66.

In this case, Defendant appears to concede that its Notice of Removal was defective because the removing documents did not clearly establish the amount in controversy.[2] However, Defendant argues that Plaintiff's Motion to Remand, which states that the amount of controversy exceeds $75,000, can serve as "additional evidence" that supplements Defendant's Notice of Removal. Essentially, the Motion to Remand serves as the paper from Plaintiff that "would itself provide sufficient grounds for removal."

---

[2] A review of the removable documents consistent with the approach adopted in Lowery demonstrates that the jurisdictional amount is not clear and unambiguous.

The Court agrees that Lowery permits Defendant to amend its otherwise defective Notice of Removal upon receipt of Plaintiff's Motion to Remand. Plaintiff states in the Motion to Remand that "the total economic losses are $76,026.70," which clearly and unambiguously establishes the jurisdictional requirement. (See Dkt. 5 at p.3).

Plaintiff's argument that Defendant was aware of the jurisdictional requirement more than thirty days prior to Defendant's June 3, 2009 Notice of Removal is unpersuasive. Under Lowery, applying an equation and/or formula by using certain medical documents to determine Plaintiff's medical losses would not clearly establish the jurisdictional amount. Even though Defendant may have been able to calculate with some uncertainty the accrued damages to conclude that the jurisdictional minimum may have been exceeded, the case was not first removable under Lowery until Defendant had written notice from Plaintiff that the damages exceeded $75,000.

Plaintiff's argument that Defendant's active participation in the State Court Action waived its right of removal also must fail. The jurisdictional amount became clear for the first time upon Plaintiff's Motion to Remand. A party cannot waive a right that it does not yet have. See Del Rio v. Scottsdale Ins. Co., No. 605CV1429ORL19JGG, 2005 WL 3093434 (M.D. Fla., November 18, 2005).[3] Defendant did not waive its right to remove the

---

[3] While the Eleventh Circuit has not addressed this precise issue, this reasoning is consistent with the Eleventh Circuit's general position on waiver of the right to removal. See Cogdell v. Wyeth, 366 F.3d 1245, 1246-47 (11th Cir. 2004) (analyzing waiver based on actions taken in state court when the complaint was removable); Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245-46 (11th Cir. 2004) (same). It is also consistent with other district courts within the Eleventh Circuit. See Tillis v. Cameron, No. 1:07-cv-0078-WKW (WO), 2007 WL 2806770, *5 (M.D. Ala. Sept. 25, 2007) (defendants "could not have waived a right they did not yet possess."); Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1359 (S.D. Fla. 1998) (refusing to "penalize defendant for protecting its interests
(continued...)

State Court Action when it participated in discovery and the case management conference, because the right to remove was not yet available to Defendant. "In order to waive the right to removal . . . a defendant must proceed in state court *despite having notice of its right to remove the case*." Del Rio, 2005 WL 3093434 at *5 (emphasis added). Accordingly, Plaintiff's Motion to Remand must be denied.

## CONCLUSION

For the reasons set forth herein, it is hereby ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand (Dkt. 5) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 21, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1030.mtremand.frm

---

[3](...continued)
in the state forum at a time when removal [was] not possible."). Finally, this reasoning also agrees with the general rule applied in federal courts around the nation that waiver may occur only when a case is already removable. See, e.g., Tedford v. Warner-Lambert Co., 327 F.3d 423, 428 n.15 (5th Cir. 2003) (noting that "waiver is 'the intentional relinquishment or abandonment of a known right'" and reasoning that defendant's actions in state court occurred before "[t]he right to remove arose"); Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 (10th Cir. 1998) (defendant cannot waive the right to remove "in the absence of adequate notice of the right to remove."); Caldwell v. Montgomery Ward & Co., 207 F. Supp. 161, 161 (S.D. Tex. 1962) ("a defendant can waive its right to remove only by actions done after the case in question becomes removable.").